IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| VAN MUMFORD on behalf of the Carolinas Electrical Workers Retirement Fund<br><br>v.<br><br>LOMBARDI ELECTRIC, LLC; JOSEPH P. LOMBARDI, and MICHAEL B. CARBO | )<br>)<br>)<br>) Case No. 3:23-cv-00493<br>)<br>)<br>) |

**To: The Honorable Eli J. Richardson, United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully RECOMMENDS this case be DISMISSED.

### Background

Familiarity with this case is presumed and only those underlying facts and circumstances necessary to explain or provide context for this report and recommendation are recited here. This case was filed on May 15, 2023. (Docket No. 1.) The express provisions of Rule 4(m)[1] required service of process on Defendants by no later than August 14, 2023. An initial case management conference was initially set for July 19, 2023. (Docket No. 4.) However, because Plaintiff had not yet completed service of process, the Court entered an order on June 28, 2023, that (i) cancelled the initial case management conference; (ii) directed Plaintiff to file proof of service of process under Rule 4(l); (iii) cautioned Plaintiff that failure to timely serve process could result in dismissal; and, (iv) further directed Plaintiff to proceed with default proceedings against any Defendants who

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

failed to timely answer. (Docket No. 7.) Of note, the order contained the following express direction and admonition:

> Failure to follow the Court's instruction may result in any of the remedies authorized by Rule 16(f) or the Court's inherent authority to manage its own dockets.

(*Id*. at 1).

On July 12, 2023, Plaintiff filed returns of service indicating that Defendants Joseph P. Lombardi and Lombardi Electric were served with process on May 26, 2023. (Docket Nos. 8 and 9.) Plaintiff also filed a return of service indicating that the summons was returned as unexecuted as to Defendant Michael B. Carbo. (Docket No. 10.) The time to serve process under Rule 4(m) expired on August 14, 2023. No other activity has occurred in this case since July 12, 2023.

### Legal Standards and Analysis

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added).[2] Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id*. Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by

---

[2] As described below, Plaintiff was provided notice of the potential dismissal of this case. *See* Docket No. 7. Further, this report and recommendation provides additional notice.

a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Rule 16(f) authorizes the Court to impose sanctions for the failure of a party or its attorney to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the sanctions authorized by Rule 16(f) is dismissal of the action in whole or in part. Fed. R. Civ. P. 16(f)(1) (incorporating Rule 37(b)(2)(A)(v) by express reference). Additionally, federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999); *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[3]

Courts generally consider four factors in determining whether dismissal under these circumstances, specifically dismissal with prejudice, is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153–55 (6th Cir. 1988)). No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Knoll*,

---

[3] Dismissals pursuant to Rule 41(b) may be directed by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of dismissal. That Plaintiff has failed to do fulfill his responsibility to serve each Defendant with process in a timely fashion so that this case can move forward, despite the plain language of the rules and the Court's prior warning, can only be construed as willful and in bad faith. Plaintiff served Defendants Joseph Lombardi and Lombardi Electric on May 26, 2023, within the time permitted by Rule 4(m). However, neither Defendant timely responded to the complaint and Plaintiff has made no effort in the last almost three months to initiate default proceedings, despite the Court's clear instructions. Plaintiff further failed to timely serve Defendant Michael Carbo with process by August 14, 2023, as required by Rule 4(m).

The prejudice to Defendants is less obvious, because to-date Defendants have not expended any resources on this case due to Plaintiff's lack of service.[4] The Court therefore finds this factor is, at worst, neutral.

Plaintiff was given an opportunity to avoid dismissal by promptly serving all Defendants with process and initiating default proceedings, as expressly directed by the Court. This failure to observe uncomplicated litigation responsibilities and orders from the Court militates in favor of dismissal under the third and fourth factors. Because Plaintiff was given an opportunity to avoid

---

[4] The plain language of Rule 4(m) makes clear that a plaintiff's failure to timely serve a defendant warrants dismissal of the case. Admittedly, Rule 4(m) contemplates dismissal without prejudice, at least as to Defendant Carbo. Were this a case in which Plaintiff simply failed to timely serve process, the Court would be inclined to recommend dismissal without prejudice as to Defendant Carbo as mandated by Rule 4(m). However, what heightens the stakes in this case is the Court's express direction to Plaintiff to timely attend to this case: a direction that went entirely unheeded.

dismissal and failed to do so, the Court cannot find that any less drastic remedy would produce a different result. Additionally, dismissal is warranted by this Court's inherent authority to manage its own dockets without the expenditure of already limited judicial resources by repeatedly reminding the parties to attend to their cases.[5]

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that this case be dismissed with prejudice under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedures and the Court's inherent authority to manage its own dockets.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[5] Further, the Court's expenditure of additional resources on this case is unfair to all the other litigants who are willing to commit the necessary attention and resources to properly administer and prepare their cases. *See Ciccio v. SmileDirectClub, LLC*, No. 3:19-cv-0845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) ("The common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants . . . to administer justice fairly, promptly, and adequately.")